UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

DAVID TOWNSLEY

Plaintiff,

**v.** Case No. 18 Civ. 01439 (KPF)

AIRXCEL, INC.,

Defendant.

-----------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT**

**HALLETT & PERRIN, P.C.**
1445 Ross Avenue, 24th floor
Dallas, Texas 75202
(214) 953-0053 (Phone)
(214) 922-4142 (Fax)

**MICHELMAN & ROBINSON, LLP**
800 Third Avenue, 24th Floor
New York, New York 10022
(212) 730-7700 (Phone)
(212) 730-7725 (Fax)

*Attorneys for Plaintiff David Townsley*

TABLE OF CONTENTS


PRELIMINARY STATEMENT ....................................................................................1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...........................................2

LEGAL ARGUMENT..........................................................................................................3

I. THIS COURT HAS DISCRETION TO RECONSIDER THE SUMMARY JUDGMENT OPINION AND ORDER ........................................................3

II. THE COURT SHOULD RECONSIDER THE PARTIAL SUMMARY JUDGMENT ..........................................................................................4

A. This Court Does Not Normally Permit Summary Judgment Practice in Non-Jury Cases, Such as This One. ..................................................4

B. The Partial Summary Judgment Resulted from Errors of Law Resulting in Manifest Injustice...................................................................6

1. Judge Forrest granted summary judgment without permitting any discovery. ...................................................................6

2. The dismissal of Townsley's claims on the merits was error. .........8

CONCLUSION.................................................................................................................11

CERTIFICATE OF SERVICE .........................................................................................12

# INDEX OF AUTHORITIES

Cases

*AEI Life, LLC v. Lincoln Benefit Life Co.*,
225 F. Supp. 3d 136 (E.D.N.Y. 2016) ....................9, 10

*Arons v. Lalime*,
3 F. Supp. 2d 328 (W.D. N.Y. 1998) ....................4

*Catapano-Fox v. City of New York*,
14 Civ. 8036, 2015 WL 3630725 (S.D. N.Y. 2015) ....................7

*Colon v. City of New York*,
16 Civ. 6425 (KPF) 2018 WL 740992 (S.D.N.Y. Feb. 6, 2018) ....................6, 7

*Fed. Hous. Fin. Agency v. Deutsche Bank AG*,
903 F. Supp. 2d 285, 291 (S.D.N.Y. 2012)....................9

*In re Agent Orange Prod. Liab. Litig.*,
733 F.2d 10 (2d Cir. 1984)....................4

*Johnson v. City of New York*,
No. 12 4431 (KPF) 2013 WL 6171937 (S.D.N.Y. 2013) ....................7

*McCarthy v. Manson*,
714 F.2d 234 (2d Cir. 1983)....................4

*Mortimer v. City of New York*,
15 Civ. 7186 (KPF), 2018 WL 1605982 (S.D. N.Y. March 29, 2018) ....................6

*Schwartz v. HSBC Bank USA, N.A.*,
160 F. Supp. 3d 666 (S.D.N.Y. 2016)....................6

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
248 F. Supp. 3d 428, 455 (S.D.N.Y. 2017)....................9

*Texas v. Penguin Group (USA) Inc.*,
2013 WL 1759567 (S.D.N.Y. 2013)....................4

*Wall v. CSX Transp., Inc.*,
471 F.3d 410 (2d Cir. 2006)....................8, 9

Rules

Fed. R. Civ. P. 12(d) ....................................................................................................5, 7

Local Rule 6.3 of Southern District of New York ..........................................................................3

Rule 5A, Individual Rules of Practice in Civil Cases ...........................................................3, 4, 5

Plaintiff David Townsley ("Plaintiff" or "Townsley") respectfully submits this memorandum of law in support of his motion for reconsideration of the Opinion and Order of Honorable Katherine B. Forrest, dated August 15, 2018 [ECF No. 62] (the "Summary Judgment Opinion and Order")[1] granting partial summary judgment in favor of Defendant Airxcel ("Defendant" or "Airxcel"). Townsley requests the Court set aside the Summary Judgment Opinion and Order and permit Townsley to engage in discovery as permitted under the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This is a non-jury case in which the Honorable Katherine Forrest granted a partial summary judgment against Townsley before the parties ever had a pretrial conference or exchanged a single discovery request. Not only was the ruling erroneous, it is inconsistent with this Court's practices and procedures. Since this case has been reassigned to this Court while still at a threshold stage, and this Court has the opportunity to reconsider Judge Forrest's ruling, Townsley requests that this Court reconsider the partial summary judgment and deny it because: (1) no good cause exists for deviating from this Court's usual practice of not having summary judgment practice in non-jury cases; and (2) the partial summary judgment was error and should be corrected because: (a) summary judgment was entered without affording Townsley <u>any</u> discovery; and (b) the partial summary judgment was erroneous for the reasons stated in Townsley's briefing in response to the request for summary judgment.

[1] A true and correct copy of the Summary Judgment Opinion and Order is annexed hereto as Exhibit 1.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Townsley filed suit to recover damages related to a contractual earn-out payment promised to him by Defendant Airxcel, Inc. ("Airxcel") upon the sale of his company, Townsley Industries, Inc. d/b/a MCD Innovations ("MCD"). *See* SAC[2] [ECF No. 36]. Townsley alleged that Airxcel committed fraud against him through *pre-sale* misrepresentations and that Airxcel breached the parties' Stock Purchase Agreement (the "SPA") through *post-sale* conduct. In response, Airxcel filed a Rule 12(b)(6) motion to dismiss with exhibits attached. *See* MTD.[3] Judge Forrest *sua sponte* converted the MTD into a motion for summary judgment (the "MSJ"). *See* Order [ECF No. 48]. Townsley opposed the MSJ on the merits and procedurally since the discovery period had not even commenced. Townsley also filed a motion to first conduct discovery before responding to the MSJ, relying upon Federal Rules of Civil Procedure 12(d) and 56(d). *See* Motion to Stay;[4] Response to MSJ.[5]

Judge Forrest denied Townsley's request for discovery, concluding that discovery would not cure the issues upon which the Court dismissed Townsley's claims. *See* Summary Judgment

[2] Plaintiff's Second Amended Complaint is referred to herein as "SAC."

[3] Airxcel filed Notice of Airxcel, Inc.'s Motion to Dismiss the Second Amended Complaint [ECF No. 45]; Defendant Airxcel, Inc.'s Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 46]; and Declaration of William M. Reegan in Support of Defendant Airxcel, Inc.'s Motion to Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 47]. These three documents are referred to collectively herein as the "MTD."

[4] Townsley filed Plaintiff's Notice of Rule 56 Motion to Stay Motion for Summary Judgment and for Discovery [ECF No. 51]; Memorandum of Law in Support of Plaintiff's Rule 56 Motion to Stay Motion for Summary Judgment and for Discovery [ECF No. 52]; Declaration of David Townsley in Support of Plaintiff's Rule 56 Motion to Stay Motion for Summary Judgment and for Discovery [ECF No. 53]; and Declaration of Leland C. de la Garza in Support of Plaintiff's Rule 56 Motion for Stay of Motion for Summary Judgment and for Discovery [ECF No. 54] . These four documents are referred to collectively herein as the "Motion to Stay."

[5] Townsley filed Plaintiff David Townsley's Memorandum of Law in Opposition to Defendant's Converted Motion for Summary Judgment [ECF No. 55]; Plaintiff David Townsley's Response to Defendant's Local Rule 56.1 Statement and Counter-Statement of Material Facts [ECF No. 56]; and Declaration of David Townsley in Support of Plaintiff's Opposition to Defendant's Converted Motion for Summary Judgment [ECF No. 57]. These three documents are referred to collectively herein as the "Response to MSJ."

Opinion and Order, p. 16. Judge Forrest then granted summary judgment on Townsley's claims for fraudulent inducement, securities fraud, and two of his five contract-based claims.[6] *See* Summary Judgment Opinion and Order, pp. 2-3.

Townsley did not initially seek reconsideration of Judge Forrest's ruling—despite disagreeing with it—both because Judge Forrest made her position clear in the Summary Judgment Opinion and Order and because Judge Forrest's individual practice rules and her rulings on other similar motions reflect that Judge Forrest follows a different approach than does this Court on summary judgment practice in non-jury cases. However, following reassignment of the action to this Court and in light of this Court's individual practice rule demonstrating its preference for not permitting summary judgment practice in a non-jury case such as this one (absent good cause), Townsley hereby moves for reconsideration of the Summary Judgment Opinion and Order for good cause. *See* Individual Rules of Practice in Civil Cases, Katherine Polk Failla, Rule 5A (the "Practice Rules").

## LEGAL ARGUMENT

### I. THIS COURT HAS DISCRETION TO RECONSIDER THE SUMMARY JUDGMENT OPINION AND ORDER.

Local Civil Rule 6.3 provides that a motion for reconsideration shall be served within 14 days of the Court's determination of the original motion, "*unless otherwise provided by the Court* [.]" (Emphasis added) The Committee Note to Local Civil Rule 6.3 makes clear that the Court has the power to set a different time for the filing of a motion for reconsideration: "In the first sentence of Local Rule 6.3, the Committee recommends an amendment to clarify that the Court may set a

---

[6] Townsley's claims for breach of contract based on Section 1.5(d)(iii) and Section 7.2(b)(ii) of the SPA, and his alternative claim for breach of the implied duty of good faith and fair dealing survived the Summary Judgment Opinion and Order.

different time for the filing of a motion for reconsideration or reargument."

It is well established that interlocutory orders and rulings are subject to modification at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge. *In re Agent Orange Prod. Liab. Litig.*, 733 F.2d 10, 13 (2d Cir. 1984); ("there is no imperative duty to follow the earlier ruling"); *see also Arons v. Lalime*, 3 F. Supp. 2d 328, 330 (W.D.N.Y. 1998). The decision whether to grant reconsideration lies in the trial court's discretion. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

Given the unusual circumstances of this case—the original motion to dismiss was converted by, and decided by, a different judge with different individual practice rules that led to a different result than would likely have occurred under this Court's practice rules—Townsley asks the Court to "provide otherwise" and reconsider the Summary Judgment Opinion and Order. It would be manifestly unfair not to consider this motion; Townsley otherwise will be treated differently than other litigants appearing before this Court, and he will be precluded from engaging in discovery that would have been available had Defendant's MTD not been converted *sua sponte* to a motion for summary judgment, and had partial summary judgment not been granted.

## II. THE COURT SHOULD RECONSIDER THE PARTIAL SUMMARY JUDGMENT.

This Court should reconsider the partial summary judgment for two reasons:

### A. This Court Does Not Normally Permit Summary Judgment Practice in Non-Jury Cases, Such as This One.

This Court's Practice Rules provide special rules for summary judgment motions, the first of which is "absent good cause, the Court will not have summary judgment practice in a non-jury case." Practice Rules, Rule 5A. As discussed in *Texas v. Penguin Group (USA) Inc.*, Nos. 12 Civ. 3394 (DLC), 11 MD 2293 (DLC), 2013 WL 1759567, at *13, n. 2 (S.D.N.Y. Apr. 24, 2013), Judge

Lorna Shofield applied the same practice rule,[7] and determined that pre-trial submissions for non-jury trials are nearly identical to summary judgment submissions. This is a non-jury case. Thus, under Rule 5A of this Court's Practice Rules, summary judgment practice would not be appropriate in this action.

If this action had been assigned to this Court when Airxcel's MTD was filed, the Court would have had two options. It could have excluded Airxcel's documents attached as exhibits, or it could have converted the MTD to a Rule 56 summary judgment motion. *See* Fed. R. Civ. P. 12(d). Given the Court's Practice Rule 5A (and the fact there is no "good cause" exception to Rule 5A here), it would appear that the Court's general rule would be to exclude the attached documents outside of the pleadings and treat the motion as a Rule 12(b)(6) motion.

However, Judge Forrest does not have a Practice Rule similar to this Court's Practice Rule 5A. As a result, Judge Forrest converted the Motion to Dismiss into a Rule 56 motion in a non-jury case. The result was that Townsley's SAC was tested not by the plausibility standards used with Rule 12(b)(6) motions, but rather by the more demanding summary judgment standards—all without any discovery. Judge Forrest then dismissed four of Townsley's causes of action based upon errors in interpreting controlling documents and law.

Nor does this case fall into the Court's "good cause" exception to Rule 5A. There is no "good cause" for engaging in summary judgment practice in this case at this early stage before discovery. Good cause cannot be merely that Airxcel's dismissal arguments appear to have merit; if that were the case, good cause could always be found when a party desires to move for summary judgment.

---

[7] *See* Hon. Lorna Shofield Practice Rules, Rule III.6 ("Absent good cause, the Court will not have summary judgment practice in a non-jury case.").

This Court's reconsideration of the Summary Judgment Opinion and Order also will not result in any real prejudice to Airxcel's ability to develop and defend this case. Despite the fact that this action is seven months old, the case is still at the threshold. No answer has been filed; no initial pretrial scheduling conference has been held; and no discovery has been served. It is not too late to undo the partial summary judgment and give Townsley fair treatment—treating him the same as other litigants who come before this Court.

**B. The Partial Summary Judgment Resulted from Errors of Law Resulting in Manifest Injustice.**

The Summary Judgment Opinion and Order is based on clear and reversible error. The partial summary judgment erroneously denied Townsley any discovery to support his claims for fraudulent inducement, securities fraud, and two of his contract-based claims. And, the partial summary judgment is based on erroneous contractual interpretation and errors of law.

***1. Judge Forrest granted summary judgment without permitting any discovery.***

Townsley twice requested discovery from the prior court before its consideration of Airxcel's MSJ. *See* Letter to Court [ECF No. 49]; Motion to Stay [ECF Nos. 51, 52]. Judge Forrest summarily denied the requests. *See* Order [ECF No. 50]; Summary Judgment Opinion and Order. In contrast, this Court has consistently recognized that when a Rule 56(d) request is made, the plaintiff should be given a fair opportunity to discover facts to be used to oppose a summary judgment motion. *See, e.g., Mortimer v. City of New York*, 15 Civ. 7186 (KPF), 2018 WL 1605982, at *30, n. 10 (S.D.N.Y. Mar. 29, 2018); *Colon v. City of New York*, 16 Civ. 6425 (KPF), 2018 WL 740992, at * 3 (S.D.N.Y. Feb. 6, 2018); *Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 672 (S.D.N.Y. 2016) (only converting dismissal motion to summary judgment motion after

plaintiff had opportunity to submit deposition testimony); *Johnson v. City of New York*, No. 12 4431 (KPF), 2013 WL 6171937, at *4 (S.D.N.Y. Nov. 25, 2013) (only converting dismissal motion after both sides indicated they did not wish to conduct further discovery).

In *Colon*, this Court observed that "[g]enerally speaking, when presented with materials outside the pleadings in counseled cases, a court must either exclude the materials from its review or convert the motion to one for summary judgment under Rule 56 and give the parties **an opportunity to conduct discovery** and to present additional materials for the court's consideration. *Colon*, 2018 WL 740992, at * 3 (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002)) (emphasis added). The "opportunity to conduct discovery and to present additional materials" was denied to Townsley.

As this Court recognized in *Catapano-Fox v. City of New York*, when a Rule 12(b)(6) motion is converted to a summary judgment motion, the court is required to allow the plaintiff "a reasonable opportunity to present all the material that is pertinent to the motion." *Catapano-Fox v. City of New York*, 14 Civ. 8036, 2015 WL 3630725, at *11, n. 1 (S.D.N.Y. June 11, 2015) (citing Fed. R. Civ. P. 12(d)). Unlike the plaintiff in *Catapano-Fox*, Townsley had no such opportunity. Judge Forrest denied Townsley the opportunity to discover and present facts that would raise a fact issue based on her summary conclusion that "discovery will not cure the issues upon which this Court's decision to dismiss those claims relies." *See* Summary Judgment Opinion and Order, pp. 16. This conclusion was error because discovery would inform the issue of whether the pre-sale representations were independent of the breaches of contractual promises, the facts that would bear on the choice of law analysis, and whether the Airxcel did in fact shift revenue or expenses in violation of Sections 1.5(d)(i) or (ii) of the SPA. Denying Townsley any discovery prevented

him from having a reasonable opportunity to present discovery product that was in Airxcel or third-parties' possession.

Townsley will not rehash all of the points that he raised in his Motion to Stay and in the Response to MSJ. Nonetheless, it is was error for Judge Forrest to strip away four claims *before discovery even commenced*. Under the plain language of the Federal Rules of Civil Procedure and the precedent of this Circuit, this District, and this Court, this was error. *See* Motion to Stay Memorandum, pp. 3-22.

**2. *The dismissal of Townsley's claims on the merits was error.***

Judge Forrest dismissed Townsley's fraudulent inducement claim based primarily on the disclaimer of reliance and the merger clause in Sections 4.31 and 8.5 of the SPA. This ruling was error because Judge Forrest misconstrued Section 4.31 to limit the exception to the disclaimer of reliance for fraud claims to only fraud claims based on "specific reps and warranties included in the SPA." *See* Summary Judgment Opinion and Order, p. 15. Nothing in the SPA supports such a limitation. The disclaimer would still serve a purpose by defeating claims based on conduct not amounting to fraud, such as negligent misrepresentation or deceptive and misleading trade practices. Significantly, the SPA does not disclaim the existence of extra-contractual representations by Airxcel, and it does not protect Airxcel from a fraud claim based on extra-contractual representations.

Judge Forrest also misapplied controlling law on the effect of a merger clause. In *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006), the Second Circuit Court of Appeals held that New York law permits the use of parol evidence to prove a fraudulent inducement claim, even if the contract has a merger clause. The Summary Judgment Opinion and Order does not discuss

or explain how this case is distinguishable from *Wall*. In short, the merger clause simply does not bar Townsley's fraudulent inducement claim.

In addition to relying on the disclaimer of reliance and merger clauses, Judge Forrest held that Townsley failed to state a claim because his fraudulent inducement claim is based on non-performance of the contract itself. *See* Summary Judgment Opinion and Order, p. 15. But, Judge Forrest misread Townsley's SAC. Townsley's fraudulent inducement claim is based on Airxcel's representations **before the sale**, while his contract claim is based on Airxcel's promises in the SPA and conduct inconsistent therewith after the sale. *See* Plaintiff's Memorandum of Law in Opposition, pp. 19-21.

Judge Forrest dismissed Townsley's securities fraud claim (which was based on a Texas statute) because the SPA contains a choice of law provision choosing New York law, and for the same reasons discussed above regarding the fraudulent inducement claim. New York does not have a securities act that creates a private cause of action, while Texas does. Because New York law provides no private cause of action for securities fraud, application of Texas law is not precluded. *See Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 455 (S.D.N.Y. 2017); *Fed. Hous. Fin. Agency v. Deutsche Bank AG*, 903 F. Supp. 2d 285, 291 (S.D.N.Y. 2012).

In any event, Judge Forrest erred in deciding a choice of law issue without an evidentiary hearing. While a contractual choice of law provision is presumed to be enforceable, the presumption is rebutted when the provision or the contract as a whole was procured by fraud. *See AEI Life, LLC v. Lincoln Benefit Life Co.*, 225 F. Supp. 3d 136, 144 (E.D.N.Y. 2016). A contractual choice of law clause must be disregarded if procured by fraudulent inducement. *Id.* Determining whether a choice of law clause is enforceable—or, if a conflict of laws exists, where

is the center of gravity of the dispute—requires factual findings to be made by the court, applying a preponderance of the evidence standard. *Id.* Thus, Judge Forrest could not properly decide whether New York law applies without conducting an evidentiary hearing. That was not done.

Finally, Judge Forrest misconstrued Sections 1.5(d)(i) and (ii) of the SPA pertaining to the earn-out payment, holding that Townsley had not raised a fact issue on whether Airxcel breached those provisions. *See* Summary Judgment Opinion and Order, pp. 11-12. Section 1.5(d)(i) prohibits post-closing action "the purpose of which is to shift any Company-related revenues or expenses to or from an Affiliate of the Company or shift any Company-related revenues or expenses into or out of any fiscal year." Likewise, Section 1.5(d)(ii) prohibits Airxcel from allocating its overhead expenses or the overhead expenses of Dicor (United Shade's parent and MCD's affiliate) to MCD. Townsley argued, and presented proof, that Airxcel diverted sales that would have been made by MCD to Dicor's subsidiary, United Shade. *See* Memorandum of Law in Opposition, pp. 5-6. And, Townsley argued and presented proof that Airxcel made MCD's primary salesperson, Amanda Rogers, support United Shade's sales efforts, thereby forcing MCD to bear the expense of promoting United Shade's sales. *See id*. Townsley also argued and presented proof that Airxcel diverted earnings that could have been received by MCD during the earn-out period to a period after the earn-out period by not making promised changes during the earn-out period that would have increased MCD's sales during the earn-out period. *See id.*

Judge Forrest summarily dismissed this evidence by concluding that Section 1.5(d)(i) only covers shifting MCD revenues or expenses to or from an affiliate. *See* Summary Judgment Opinion and Order, p. 11. But, Townsley both alleged and raised a fact issue showing that Airxcel shifted MCD's revenues and expenses to United Shade. *See* Memorandum of Law in Support, pp.

5-6. Judge Forrest appears to have applied an overly narrow reading of "shifting" revenues and expenses. Judge Forrest also dismissed Townsley's evidence supporting breach of Section 1.5(d)(ii), concluding that this section only refers to "gamesmanship with regard to overhead expense allocation." *See* Summary Judgment Opinion and Order, p. 11. Yet, Townsley both alleged and raised a fact issue on this very point. *See* Memorandum of Law in Opposition, pp. 5-7.

Townsley's Memorandum of Law in Opposition contains a more-detailed explanation of his arguments, and he respectfully directs the Court to that briefing for a fuller discussion of the arguments against the converted motion for summary judgment.

## CONCLUSION

In the interest of justice, for the reasons stated herein, Townsley respectfully requests this Court to reconsider the converted MSJ. Townsley would like this Court, now that it is assigned to this case, to have an opportunity at this early stage in the case to reexamine the decision that Judge Forrest made before the case advances so far such that undoing the summary judgment is no longer feasible. This Court has the authority to examine Judge Forrest's rulings converting the motion to dismiss to a summary judgment motion, denying Townsley any discovery, and granting a partial summary judgment. By filing this motion, Townsley seeks to reduce the risk of error caused by allowing the Summary Judgment Opinion and Order to stand. Townsley moves the Court for an Order: (1) reconsidering the Summary Judgment Opinion and Order; (2) setting aside the Summary Judgment Opinion and Order; and (3) permitting Townsley to engage in discovery as permitted under the Federal Rules of Civil Procedure, and such other relief as the Court finds just and proper.

Dated: October 12, 2018.

**HALLETT & PERRIN, P.C.**

*/s/ Leland C. de la Garza*
Stewart H. Thomas
Texas State Bar No. 19868950
Leland C. de la Garza
State Bar No. 05646600
Elizabeth A. Fitch
State Bar No. 24075777
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Direct Phone: 214-953-0053
Fax: 214-922-4142
sthomas@hallettperrin.com
ldelagarza@hallettperrin.com
efitch@hallettperrin.com

**MICHELMAN & ROBINSON, LLP**

David A. Pellegrino
Kathryn T. Lundy
800 Third Avenue, 24th Floor
New York, New York 10022
(212)730-7700
dpellegrino@mrllp.com
klundy@mrllp.com

*Attorneys for Plaintiff David Townsley*

**CERTIFICATE OF SERVICE**

I certify on October 12, 2018, the foregoing was served by the federal court's ECF filing system on all counsel of record.

*/s/ Elizabeth A. Fitch*
Elizabeth A. Fitch